The People of the State of Illinois, Defendant in Error,
v. Jean Anderson, Plaintiff in Error.

Gen. No. 39,946.

Opinion filed April 25, 1938.

JAMES P. BYRNES, of Chicago, for plaintiff in error.

THOMAS J. COURTNEY, State's Attorney, for defendant in error; EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN STARKEL REMBE, BLAIR L. VARNES, Assistant State's Attorneys, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

By this writ of error the defendant, Jean Anderson, seeks to reverse a judgment of the municipal court of Chicago, by which she was found guilty of contributing to the dependency of her two children and sentenced to confinement in the county jail of Cook county for three months.

The record discloses that on October 20, 1937, an information was filed by leave of court which charged that defendant on October 16, 1937, "did knowingly

and wilfully cause, aid and encourage" her two children (a son 14 years and a daughter 13 years of age) "to become dependent and neglected . . . and did knowingly and wilfully fail to do that which did directly tend to prevent such state of dependency and neglect to-wit: did eject said Children from their home at 4:00 A. M. October 16, A. D. 1937," contrary to the statute.

In the order of October 20, by which the information was permitted to be filed, it was further ordered that since defendant had been arrested without warrant, capias, or other writ, and was present in open court, that she be held to bail by depositing $500 in cash, and the matter was continued until the next day. On the next day an order appears in the record which recites that the matter came on for hearing; that she entered a plea of not guilty, waived a jury, the court heard the evidence and entered a finding that "The court finds the defendant, Jean Anderson, guilty in manner and form as charged in the information herein, wherefore it is ordered that the same be entered of record herein." And the order further shows that the court then pronounced judgment on the finding of guilty, "and it is considered and adjudged by the court that said defendant is guilty of the criminal offense of 'Contributing to the Delinquency of her children JEAN PUTNEY AND CARL PUTNEY,' on said finding of guilty," and she was sentenced to a term of 3 months in the county jail. Thereupon the defendant moved the court to vacate the judgment and the matter was continued until the next day; on the latter date another order was entered continuing the matter until November 19, on which day another order was entered continuing the matter until November 26. November 26 the following order appears in the record: "Leave given to amend record to conform with Judgment nunc pro tunc," and it was further ordered that defendant's motion to vacate the judgment of October 21 be overruled. The evidence is not in the record. December 7 the following "Stipu-

lation & Agreement as to Interpretation of Record" was filed which shows, *inter alia,* that on November 26 the court authorized the clerk to draw a line through the word "delinquency" as it appeared in the judgment order and insert in lieu thereof the word "dependency."

Defendant contends that the information did not charge the defendant with the commission of any crime mentioned in the statute. The act which plaintiff was charged with violating is entitled, "An Act to define and punish the crime of contributing to the dependency and neglect of children," (approved June 23, 1915), ch. 38, pars. 100, 101, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 37.084, 37.085]. The act is in two sections. Section 1 defines a dependent and neglected child to mean any male under the age of 17 or any female under the age of 18 years who "for any reason is destitute, homeless or abandoned; or dependent upon the public for support; or has not proper parental care or guardianship; or habitually begs or receives alms; or is found living in any house of ill fame or with any vicious or disreputable person; or has a home which by reason of neglect, cruelty or depravity on the part of its parents, guardian, or any other person in whose care it may be is an unfit place for such child; and any child who while under the age of ten years is found begging, peddling or selling any articles or singing or playing any musical instrument for gain upon the street or giving any public entertainments or accompanies or is used in aid of any person so doing." And section 2 defines what constitutes contributing to dependency and neglect and provides for a penalty, etc. So far as material here that section provides: "Any parent, . . . having the custody of a male under the age of 17 years or a female under the age of 18 years, who shall knowingly or wilfully cause, aid or encourage such person to be or to become a dependent and neglected child as defined in section 1, or who shall knowingly or wilfully do acts which directly tend to render any such

child so dependent and neglected, or who shall knowingly or wilfully fail to do that which will directly tend to prevent such state of dependency and neglect shall be deemed guilty of the crime of contributing to the dependency and neglect of children.''

In the instant case it seems to be conceded that defendant was the mother by a former marriage of the two children mentioned in the information, and the only charge made against her in the information is that she did ''knowingly and wilfully fail to do that which did directly tend to prevent such state of dependency and neglect, to-wit: did eject said Children from their home at 4:00 A. M. October 16, A. D. 1937.'' We think this charge does not allege that the two children are dependent and neglected children within the meaning of section 1 of the act, and unless this were so the defendant could not be found guilty of a violation of the act because section 2 of the act merely defines what constitutes contributing to the dependency and neglect of children named in section 1. There is no averment that the children are (1) ''destitute, homeless or abandoned; (2) or dependent upon the public for support; (3) or has not proper parental care or guardianship; (4) or habitually begs or receives alms; (5) or is found living in any house of ill fame or with any vicious or disreputable person; (6) or has a home which by reason of neglect, cruelty or depravity on the part of its parents, . . . is an unfit place for such child''; (7) nor that either child is under the age of 10 years; nor that they were ''found begging, peddling or selling any articles or singing or playing any musical instrument for gain upon the street,'' etc.

The judgment of the municipal court of Chicago is reversed.

*Judgment reversed.*

McSurely and Matchett, JJ., concur.